UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERINE ROBERTSON,<br><br>        Plaintiff,<br><br>    v.<br><br>LOPEZ, et al.,<br><br>        Defendants. | Case No. 23-cv-04030-SVK<br><br>**FURTHER SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915(E)** |

On August 9, 2023, Plaintiff Erine Robertson, appearing *pro se*, filed a civil complaint concerning an alleged incident beginning on August 12, 2021 during which Plaintiff claims she was improperly arrested and detained at a hospital and two jail facilities. Dkt. 1 ("Original Complaint"). Along with the Original Complaint, Plaintiff filed a request to proceed *in forma pauperis* ("IFP"). Dkt. 2. On September 11, 2023, the Court issued an order in which it granted Plaintiff's IFP application and found, pursuant to the Court's initial screening review for civil action filed *in forma pauperis* under 28 U.S.C. § 1915, that the Original Complaint did not state a claim upon which the Court may grant relief. Dkt. 6 ("First Screening Order"). Specifically, the Court's First Screening Order concluded that Plaintiff had failed to state a claim because she had not adequately identified the officers who are Defendants in this case, she had not adequately identified the relationship between the individual and entity Defendants, and she had not set forth separate causes of action that state a legal basis for each cause of action and each required element of each cause of action. *Id.* In the First Screening Order, the Court granted Plaintiff leave to amend the Original Complaint by October 11, 2023. *Id.* Upon motion by Plaintiff, the Court subsequently extended the deadline to file an amended complaint to November 15, 2023. Dkt. 9.

On November 1, 2023, Plaintiff timely filed a First Amended Complaint ("FAC"). Dkt. 10. The FAC contains additional information about the Defendants and the events that give rise to this action.

The Court has conducted a further screening review under 28 U.S.C. § 1915 of the FAC in light of the additional information provided therein. The Court concludes that although the FAC addresses most of the deficiencies noted in the First Screening Order, several required elements remain missing. The Court grants Plaintiff **LEAVE TO FILE A SECOND AMENDED COMPLAINT by December 15, 2023**.

**I.     SCREENING UNDER 28 U.S.C. § 1915(e)(2)**

**A.     Legal Standard**

Federal courts are required to dismiss a case filed *in forma pauperis* if the court determines at any time that the action is frivolous, fails to state a claim, or is directed against a defendant who is immune. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). A "frivolous" complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Ninth Circuit has noted that Section 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Both Rule 12(b)(6) and Section 1915(e)(2)(B) require a district court to dismiss a complaint that fails to state a claim upon which relief can be granted.

The plaintiff's complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In a Section 1915 review, "[d]ismissal is proper only if is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citations omitted). In its review, the Court liberally construes pro se pleadings. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

**B.     Failure to State a Claim**

The background of this case is set forth in the First Screening Order. The FAC names three Defendants: Officer Lopez, the San Jose Police Department, and the Santa Clara County Sheriff's Department. FAC ¶ 2. The FAC includes additional allegations concerning the role of Officer Lopez in the incidents at issue. *See, e.g., id.* ¶ 5, First Claim. The FAC also better explains the relationship between the individual and entity Defendants. *See, e.g., id.* ¶ 5, First

Claim, Second Claim, Third Claim. The FAC also addresses the Court's direction in the First Screening Order that the causes of action should be organized by cause of action, rather than by Defendant.

However, a critical element remains missing from the FAC. As explained in the First Screening Order, local governmental entities (in this case, the San Jose Police Department and the Santa County Sheriff's Department) can be sued under 42 U.S.C. § 1983 only if the public entity maintains a custom, practice, or policy that amounts to deliberate indifference to a plaintiff's constitutional rights, and the policy results in a violation of a plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690-91 (1978). The FAC does not contain any facts suggesting that the local governmental entities named as Defendants (the San Jose Police Department and the Santa County Sheriff's Department) had such a custom, practice, or policy.

The Court will give Plaintiff an opportunity to file a Second Amended Complaint ("SAC") to add facts to support a *Monell* claim, if warranted. The SAC should *also* comply with the following directions:

- The SAC should include all allegations contained in the FAC.
- The SAC should also include the information in the Original Complaint (which does not appear to be included in the FAC) about Plaintiff's filing of a claim with the City (*see* Dkt. 1 at p. 5).
- The identification of the Santa Clara Valley Medical Center as a Defendant on the Third Claim should be deleted because the FAC does not identify that entity as a Defendant in the case. *See* FAC ¶ 2.

## II. CONCLUSION

Plaintiff is directed to file a Second Amended Complaint that addresses the issues raised in this order by **December 15, 2023.**

The Court again informs Plaintiff that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by appointment and on a drop-in basis. The Federal Pro Se Program is available at Room 2070 in the San Jose United States Courthouse

(Monday to Thursday 9:00 a.m.–4:00 p.m.) or by calling (408) 297-1480.  In addition, the Court offers a pro se handbook free of charge; a copy may be downloaded from https://cand.uscourts.gov/wp-content/uploads/2020/02/Pro_Se_Handbook_2020ed_links_12-2021_MBB.pdf or obtained from the Clerk's office.

**SO ORDERED.**

Dated: November 15, 2023

_____
SUSAN VAN KEULEN
United States Magistrate Judge